■ DAVID J. MERANER et al., Appellants, v ALBANY MEDICAL CENTER et al., Respondents. [605 NYS2d 442] —White, J. Appeal from an order of the Supreme Court (Hughes, J.), entered

January 5, 1993 in Albany County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

While they were patients at defendant Albany Medical Center Hospital (hereinafter the hospital), plaintiffs were treated by physicians who were on the faculty of defendant Albany Medical College (hereinafter the college) and who were participants in the Albany Medical College Faculty Practice Plan (hereinafter the plan). Subsequent to their discharge from the hospital, plaintiffs received bills from the plan for physicians' services. Plaintiffs allege in their complaint that these bills were false and fraudulent because they contain hidden charges for hospital expenses and overhead to be paid to the hospital. The complaint further alleges that the bills were deliberately deceptive as they made it appear that the entire fee was being paid to a group of physicians without disclosing that the physician group "would then pay a kick-back to the hospital and medical school out of the payment received". Plaintiffs claim that this alleged fraud caused them injury because it forced them to pay for hospital expenses that they would not have had to pay because such expenses were fully covered under their hospital insurance, whereas their medical insurance only covered a portion of said costs.

After receiving defendants' answer and counterclaim, plaintiffs served interrogatories upon defendants seeking information regarding the financial relationship between them. Instead of responding thereto, defendants moved for summary judgment premised on their claim that the bills were not fraudulent. Plaintiffs responded by cross-moving to compel discovery and for an extension of time to file class certification. Supreme Court granted defendants' motion and denied the cross motion, finding no merit to plaintiffs' allegations of fraud. We reverse.

Defendants supported their motion with an affidavit by the vice-president for finance for the college. He averred that the college does not share fees with the hospital, that a hospital fee is not set according to a percentage of patient revenues and that no transfer is made to the hospital on that basis. Instead, the hospital charges the college for the provision of specific facilities and services. In response plaintiffs submitted the affidavit of their attorney, who stated that he was unable to respond to the motion due to defendants' failure to respond to the interrogatories.

In circumstances such as this when the facts essential to

justify opposition to a motion for summary judgment might exist, but cannot be stated because they are in the moving party's exclusive knowledge or control, summary judgment must be denied and the opposing party afforded the opportunity to engage in discovery *(see, Trustco Bank N. Y. v Higgins,* 191 AD2d 788). Adherence to this rule is particularly appropriate here where plaintiffs' complaint adequately pleads a cause of action for fraud *(see, Reidy v Albany County Dept. of Social Servs.,* 193 AD2d 992).

The reversal of Supreme Court's grant of summary judgment to defendants revives plaintiffs' cross motion. Because we have the same power and discretion as Supreme Court and as the record is adequate, we will decide this motion *(see, Brady v Ottaway Newspapers,* 63 NY2d 1031; Siegel, NY Prac § 529, at 826 [2d ed]).

We will grant the first branch of the motion for an order compelling disclosure in view of defendants' failure to timely move to strike plaintiffs' interrogatories *(see, Albany Custom Floors v Urbach, Kahn & Werlin,* 128 AD2d 924). Defendants shall furnish their responses within 45 days of the date of this decision. We will also grant the other branch of the cross motion seeking an extension of time to move for an order allowing a class action because plaintiffs are entitled to discovery to adduce evidence to meet their burden of showing that the statutory prerequisites for certification of a class are met *(see, Chimenti v American Express Co.,* 97 AD2d 351). Plaintiffs shall make their motion pursuant to CPLR 902 within 30 days of the receipt of defendants' responses to their interrogatories.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and cross motion granted in accordance with this Court's decision.