■ David J. Meraner et al., Appellants, v Albany Medical Center et al., Respondents. [621 NYS2d 208] —White, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered May 3, 1994 in Albany County, which denied plaintiffs' motion for an order striking defendants' pleadings and allowing a class action, and (2) from an order of said court, entered August 5, 1994 in Albany County, which denied plaintiffs' further motion for an order allowing a class action.

On a prior appeal (199 AD2d 740), we directed defendants to

furnish responses to plaintiffs' interrogatories within 45 days of December 16, 1993. Upon receipt of the responses, plaintiffs were afforded 30 days to move for class certification (supra, at 742). Defendants' responses were served on February 1, 1994 and further documentation associated therewith was provided to plaintiffs on February 17, 1994. Dissatisfied with defendants' responses, plaintiffs moved pursuant to CPLR 3126 for an order, inter alia, striking defendants' answer and directing class certification.* Supreme Court denied the motion. On June 16, 1994, plaintiffs moved for class certification in accordance with CPLR 902. Supreme Court denied the motion finding it untimely. Plaintiffs appeal from both orders.

We affirm Supreme Court's order denying plaintiffs' relief under CPLR 3126. It is well settled that a trial court's determination that sanctions under CPLR 3126 are not warranted will not be disturbed absent an improvident exercise of discretion (see, Cruzatti v St. Mary's Hosp., 193 AD2d 579). Inasmuch as we agree with Supreme Court that a party responding to an interrogatory is not required to anticipate what information the proponent of the interrogatory is seeking but need only answer the actual question posed, there is no basis for disturbing its determination of this motion.

We shall also affirm Supreme Court's order denying class certification. Clearly, plaintiffs' motion pursuant to CPLR 902 was untimely as it was made approximately four months after defendants furnished their responses to the interrogatories. We note that if plaintiffs believed that defendants' responses did not provide them with sufficient information to support a motion for class certification, their remedy was to move for an extension of time rather than to ignore this Court's directive (see, 2 Weinstein-Korn-Miller, NY Civ Prac § 902.03). Lastly, since there must be a class before there can be a subclass (see, CPLR 906 [2]), the denial of class certification rendered plaintiffs' request for certification of a subclass academic.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.

---

* We note that plaintiffs did not support their request for class certification with the information required by CPLR article 9.