104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Hobart ROSS and David J. Meraner, on behalf of themselves
and all persons similarly situated, Plaintiffs-Appellants,
v.
ALBANY MEDICAL CENTER, Albany Medical College, Albany
Medical Center Hospital, Donna E. Shalala, in her capacity
as Secretary of the Department of Health and Human Services,
and Bruce Vladeck, in his capacity as Administrator of the
Health Care Financing Administration, Defendants-Appellees.
 No. 96-6019.
 United States Court of Appeals, Second Circuit.
 Oct. 30, 1996.
 
 Hobart Ross and David Meraner appeal from an order entered on February 29, 1996, in the United States District Court for the Northern District of New York (Scullin, J.) granting defendants' motions to dismiss.
 
 
 1
 N.D.N.Y.
 
 
 2
 AFFIRMED.
 
 
 3
 Whitney North Seymour, Jr.; Landy & Seymour, New York, N.Y. (Craig A. Landy, Peter James Clines; Landy & Seymour, New York, NY)
 
 
 4
 Hermes Fernandez; Bond, Schoeneck, & King, LLP, Albany, N.Y. (Katherine M. Sheehan; Bond, Schoeneck, & King, LLP, Albany, NY)
 
 
 5
 Alisa B. Klein; Appellate Staff Civil Division, Department of Justice, Washington, D.C. (Frank Hunger, Assistant Attorney General; Thomas J. Maroney, United States Attorney; Barbara Biddle, Appellate Staff Civil Division, DOJ; Washington, DC)
 
 
 6
 Present: MESKILL, CALABRESI, CABRANES, Circuit Judges.
 
 
 7
 Ross and Meraner both underwent coronary bypass surgery at the Albany Medical Center hospital during the Summer of 1991. They brought suit on behalf of themselves and a potential class of Medicare beneficiaries alleging that defendants Albany Medical Center, Albany Medical College, and Albany Medical Center Hospital (the "Albany Medical defendants") charged Medicare beneficiaries fees in excess of federal and state mandatory limiting charge statutes, 42 U.S.C. § 1395w-4(g) and N.Y. Public Health Law § 19, for the anesthesia services provided to them during their surgeries. The plaintiffs seek to recover the alleged overcharges to the extent they have paid them and have the alleged practices declared illegal.
 
 
 8
 Ross and Meraner also allege that Donna E. Shalala, Secretary of the Department of Health and Human Services, and Bruce Vladeck, Administrator of the Health Care Financing Administration (the "HCFA"), misstated the balances due on plaintiffs' Explanation of Medicare Benefits forms, failed to include limiting charge information on those forms, failed to cause the Albany Medical defendants to refund any overpayments, and generally failed to take enforcement action against the Albany Medical defendants for their alleged violations of the limiting charge provisions, all in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The plaintiffs seek an injunction requiring the HCFA to identify any Medicare beneficiaries entitled to a refund, to calculate the amounts due, and to handle any related notices or correspondence to those beneficiaries.
 
 
 9
 The district court addressed the plaintiffs' claims separately and dismissed Ross's and Meraner's claims on different grounds. We also consider each plaintiff in turn.
 
 1. Hobart Ross
 
 10
 The district court dismissed Ross's claim on the ground that Ross did not suffer an injury in fact and therefore lacked standing. We agree.
 
 
 11
 Following his operation at the Albany Medical Center Hospital on June 18, 1991, Ross was issued a bill for $1,666.75 for the anesthesia services provided during his surgery. Subsequently, Medicare approved $1,256.75 of that amount. The record indicates that after discussions between Ross and the Hospital, the Hospital forgave $571.90 of the total bill, leaving Ross responsible for $1,094.85, an amount clearly within the statutory limits. Ross's claims stem from the initial overcharge, which he never paid.
 
 
 12
 Since the alleged overcharge was forgiven, the district court viewed Ross's injury as hypothetical. The court held that Ross lacked standing to pursue the action because "a fear that an obligation to pay may be reinstated is not sufficient to establish an 'injury in fact.' " Ross v. Albany Medical Ctr., 916 F.Supp. 196, 200 (N.D.N.Y.1996). The appellants argue that the court erred, contending that a unilateral assertion that a claim will not be pressed is insufficient to deny Ross standing.
 
 
 13
 In order to have standing, a plaintiff must, inter alia, "have suffered an 'injury in fact.' " Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (citations, internal quotation marks, and footnote omitted). The plaintiff bringing suit bears the burden of establishing the elements of standing. Id. at 561.
 
 
 14
 Ross has not indicated an actual existing injury. Nor does he have a reasonable fear that the hospital will pursue the bill and create an immediate future injury. See Bordell v. General Electric Co., 922 F.2d 1057, 1060 (2d Cir.1991). Ross's injury in this case is hypothetical, and therefore insufficient to establish standing. Accordingly, we affirm the dismissal of his claim.
 
 2. David Meraner
 
 15
 Meraner underwent surgery on July 19, 1991. He subsequently received a bill for the anesthesia services provided during the surgery in the amount of $1,494.45, of which Medicare approved $1,142.42. Meraner alleges that he paid the entire bill.
 
 
 16
 In an amended complaint, Meraner sought judicial relief from the New York State Supreme Court for the alleged overcharge by the Albany Medical defendants. The State Supreme Court transferred the action to Albany City Court. Since the action in the present suit was filed, the Albany City Court found that the Albany Medical defendants had violated Public Health Law § 19 by charging Meraner more than 115% of the Medicare approved amount for anesthesia services, granted Meraner's cross-motion for summary judgment, and awarded him $180.00 plus interest for the overcharge. See Meraner v. Albany Med. Ctr., CCC # 95-0331 (City Court of Albany, Aug. 23, 1995).
 
 
 17
 The present action involves claims against the Albany Medical defendants pusuant to both state and federal limiting charge statutes,[1] and claims against the federal defendants for violation of the APA. The district court dismissed Meraner's claims against the federal defendants because it found that Meraner had failed to establish that his alleged injuries, the alleged overcharge and the subsequent payment of the overcharge, were caused by or fairly traceable to the federal defendants. The court also dismissed Meraner's claim brought pursuant to New York Public Health Law § 19 because, in light of the decision of the Albany City Court, res judicata bars a federal court from addressing that claim, and it dismissed Meraner's claim pursuant to the federal limiting charge statute as moot because the judgment entered in the state court action provided Meraner with the maximum monetary relief requested in the action. The plaintiffs challenge each of these conclusions.
 
 
 18
 We find that Meraner's claims against the Albany Medical defendants are barred by res judicata and that his claims against the federal defendants fail for lack of standing.
 
 
 19
 Meraner's claim against the Albany Medical defendants brought pursuant to New York Public Health Law § 19 was litigated and resolved in the state case. See Meraner v. Albany Med. Ctr., CCC # 95-0331 (City Court of Albany, Aug. 23, 1995). It is therefore barred by res judicata. See NLRB v. United Technologies Corp., 706 F.2d 1254, 1259 (2d Cir.1983). Res judicata is also applicable to the claim against the Albany Medical defendants pursuant to the federal limiting charge statute, 42 U.S.C. § 1395w-4(g), because (1) the federal law provides another ground for the same claim based on the same essential facts and evidence. See United Technologies, 706 F.2d at 1260, and (2) although this ground for recovery was not raised in the state action, it was available to the plaintiff in that case. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948); Tucker v. Arthur Andersen & Co., 646 F.2d 721, 727 (2d Cir.1981).
 
 
 20
 Meraner's claims against the federal defendants also fail. One of the constitutional requirements for standing is that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 561 (internal quotation marks and citation omitted). Meraner does not fulfill this requirement. First, Meraner's injuries--the alleged overcharge and his payment of the overcharge--are fully redressed by the state court judgment. Second, Meraner seeks an injunction requiring the HCFA to identify and notify any Medicare beneficiaries entitled to a refund of the amounts due to them. But even if this court granted such an injunction, it would have no impact on Meraner's overcharge or its payment and therefore would not redress his injuries. For these reasons, we affirm the dismissal of all of Meraner's claims.
 
 
 21
 We have examined all of Ross's and Meraner's contentions, and find them to be without merit. The district court's order is therefore affirmed.
 
 
 
 [1]
 The federal limiting charge statute permits a higher charge (125% of the Medicare approved amount) than does the state statute