◼ COUNTY OF CHEMUNG, Respondent, v FENWAL, INC., Appellant, et al., Defendants. — Mahoney, P. J. Appeal from that part of an order of the Supreme Court at Special Term (Crew, J.),

entered June 13, 1984 in Chemung County, as amended by order entered July 10, 1984, which granted plaintiff's motion to compel defendant Fenwal, Inc., to answer certain interrogatories.

In an action to recover for property damages resulting from an explosion at a solid waste disposal facility operated by plaintiff, defendant Fenwal, Inc., contractually charged with the duty to inspect and service the explosion protective system installed at the waste facility, appeals from so much of an order as compels it to answer certain written interrogatories within 30 days of service upon it of the amended order.

The factual background of this case can be simply stated. Following inspection and service by Fenwal of the explosion protective system on December 14, 1978, December 18, 1978 and January 16, 1979, an explosion occurred at plaintiff's solid waste disposal facility causing extensive property damage. On February 3, 1981, plaintiff commenced an action sounding in negligence, strict products liability and breach of warranty against Fenwal and other corporate entities. On April 21, 1983, plaintiff served 15 written interrogatories upon Fenwal. Fenwal neither moved for a protective order (CPLR 3103) nor objected in writing (CPLR 3133). By notice of motion dated February 29, 1984, plaintiff moved for a conditional order of resolution against Fenwal (CPLR 3126 [1]). By order entered June 13, 1984, as amended by order entered July 10, 1984, Special Term granted plaintiff's motion and ordered Fenwal to answer all the propounded interrogatories within 30 days of service upon it of the amended order.

Since Fenwal has not sustained its burden of establishing that the information sought is immune from discovery under CPLR 3101, its unsworn assertions by counsel being inadequate for this purpose, the order as amended must be affirmed.

When interrogatories are served upon a party after commencement of an action (CPLR 3130), the party upon whom they are served must, within 10 days after service, move upon notice to strike out any interrogatory, stating the ground for objection (CPLR 3133 [a]). Here, Fenwal did not so move. In an action to recover property damages, when no claim of privilege or immunity is raised concerning information sought through interrogatories, failure to timely move to strike the interrogatories forecloses all inquiry into the propriety of the information sought (*Long Is. Region Natl. Assn. For Advancement of Colored People v Town of North Hempstead,* 94 AD2d 789).

Order as amended modified, on the facts, with costs to plaintiff; defendant Fenwall, Inc., directed to fully answer interrogatory Nos. "1 — 15" inclusive within 20 days after service of a

copy of the order to be entered upon this decision with notice of entry; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.