■ ALBANY CUSTOM FLOORS, INC., et al., Respondents, v URBACH, KAHN & WERLIN, P. C., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 2, 1986 in Albany County, which denied defendant's motion to compel plaintiffs to answer certain interrogatories and granted plaintiffs' cross motion to strike such interrogatories.

Plaintiffs, Albany Custom Floors, Inc. and its president, commenced this action in June 1983 against their former accountants alleging malpractice. The complaint alleges that defendant was negligent in performing audits in 1980 and 1981 in that the audits were not performed in accordance with generally accepted audit standards and practices. In December 1984, defendant served identical sets of interrogatories on each plaintiff. Plaintiffs answered the interrogatories with the exception of two questions which, they claimed, sought expert opinion prepared for litigation. Plaintiffs never made a motion to strike the two objectionable interrogatories (CPLR 3133 [a]). On November 7, 1985, defendant moved to compel plaintiffs to answer the interrogatories. Plaintiffs cross-moved to strike them. Supreme Court denied defendant's motion and granted plaintiffs' cross motion. This appeal by defendant ensued.

CPLR 3133 (a) states: "Within ten days after service of

interrogatories, the party upon whom they are served may move upon notice to strike out any interrogatory, stating the grounds for objection." Here, plaintiffs waited almost one year before moving to strike the objectionable interrogatories, and then only in response to defendant's motion to compel them to answer. We have held that the failure of a party to make a timely motion to strike interrogatories forecloses all inquiry into the propriety of the information sought except where the objection involves a matter privileged under CPLR 3101 *(County of Chemung v Fenwal, Inc.,* 111 AD2d 551, 552; *see, Long Is. Region Natl. Assn. for Advancement of Colored People v Town of N. Hempstead,* 94 AD2d 789-790; *cf., Holy Spirit Assn. for Unification of World Christianity v New York Prop. Ins. Underwriting Assn.,* 116 AD2d 787, 788). A party may not avoid compliance with the statutory time limit by making a conclusory allegation that the interrogatory seeks matters made privileged by CPLR 3101. Thus, the court must examine the interrogatory to determine whether a colorable claim of privilege has been made.

The interrogatories at issue here are as follows:

"Set forth for each such act and each such omission (including any statement or representation) whether plaintiff claims the act or omission violated any statute, ordinance, rule, regulation, custom, or statement on auditing standards. If the answer is affirmative, set forth the statute, ordinance, rule, regulation [custom] or auditing standard violated, and the manner in which plaintiff claims the act or omission violated the statute, ordinance, rule, regulation * * * or statement on auditing standards * * *

"If plaintiff claims that any act or omission (including any statement or representation) is documented in any item heretofore produced by defendant in this action, identify the item and page or pages of the item that plaintiff claims documents the act or omission."

Requiring a plaintiff who alleges that generally accepted auditing standards were violated to state whether it is claimed that any statute, ordinance, rule, regulation, custom or auditing standard was violated clearly does not seek expert opinion prepared for litigation. If the interrogatory goes further and inquires as to a plaintiff's theory or means of proving any such violation or seeks its expert's opinion, then there may be a claim that privileged matter is being sought. In the instant case, the only part of the interrogatories which arguably comes close to seeking privileged matter is the last part of the first question which seeks "the manner in which plaintiff

claims the act or omission violated the statute, ordinance, rule, regulation * * * or statement on auditing standards". This question arguably seeks the opinion of plaintiffs' expert regarding how they will attempt to prove their case. Since this is the only colorable claim of privilege, this is the only portion of the interrogatories which is not subject to the time limit set forth in CPLR 3133 (a), and plaintiffs' objection to the other portions of the interrogatories is foreclosed.

Turning to the merits of plaintiffs' surviving objection, we agree with plaintiffs that privileged matter is being sought. Requiring a plaintiff to state what, if any, statutes, regulations or rules are alleged to have been violated is not onerous and narrows the issues to be litigated. Going further and requiring a plaintiff to reveal the manner in which the statutes, regulations or rules was violated forces him to reveal how he will prove his case and most likely would require him to reveal his expert's opinion. Such matter is exempt from disclosure.

Therefore, defendant's motion to compel plaintiff to answer the interrogatories is granted except with regard to that portion thereof which seeks the manner in which plaintiffs claim that an act or omission violated a statute, ordinance, rule, regulation or statement on auditing standards. Plaintiffs' responses shall be served within 10 days after service of the order to be entered hereon with notice of entry. Plaintiffs' cross motion to strike is granted with respect to that portion of the interrogatories seeking the manner in which plaintiffs claim that an act or omission violated a statute, ordinance, rule, regulation or statement on auditing standards.

Order modified, on the law, without costs, by granting plaintiffs' cross motion only with regard to the portion of interrogatory No. 1 (b) which seeks to discover the manner in which defendant's conduct is alleged to have been illegal or violative of auditing standard; cross motion denied and defendant's motion granted with regard to the remainder of interrogatory No. 1 (b) and all of interrogatory No. 1 (c), and plaintiffs are directed to serve responses thereto within 10 days after service of a copy of the order to be entered upon this decision with notice of entry; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Yesawich, Jr., JJ., concur.