■ ALBANY CUSTOM FLOORS, INC., et al., Respondents, v URBACH, KAHN & WERLIN, P. C., Appellant.—Casey, J. Appeal from an order of the Supreme Court (Hughes, J.), entered July 27, 1987 in Albany County, which granted plaintiffs' motion for a protective order.

This malpractice action against defendant, an accounting firm, was commenced in May 1983 and issue was joined in July 1983. Shortly thereafter, defendant conducted an examination of plaintiff Julius Ostroff and served interrogatories on both plaintiffs in December 1984. Nearly a year later, after plaintiffs answered some interrogatories and refused to answer others, defendant moved to compel plaintiffs to answer all interrogatories. Plaintiffs cross-moved to strike two objectionable interrogatories; this dispute was finally resolved by decision of this court dated March 5, 1987 (128 AD2d 924). On April 7, 1987, defendant served notices to take depositions upon oral examination of an officer and an employee of plaintiff Albany Custom Floors, Inc. Plaintiffs' motion for a protective order was granted by Supreme Court and this appeal ensued.

Defendant's chief objection is to Supreme Court's finding that "the apparent motive for the requested disclosure is delay". Defendant's objection has merit, since the issue was not raised by plaintiffs and there is no evidence in the record concerning any improper motive on defendant's part. In particular, the delay here, which can be attributed to the parties' prior dispute over interrogatories, was not clearly the result of defendant's dilatory tactics *(cf., Easley v Van Dyke,* 110 AD2d 967), and no note of issue has been filed *(cf., Watts v Town of Gardiner,* 90 AD2d 615). In our view, the grounds asserted by plaintiffs provide an insufficient basis for a protective order. While Supreme Court is vested with broad discretion in supervising disclosure, this discretion must be exercised in light of

the court's broader duty to facilitate the resolution of civil actions and upon the principle that the disclosure provisions of the CPLR are to be interpreted liberally, with the test being one of usefulness and reason *(see, Sarbro Realty Corp. v Kradjian,* 116 AD2d 866, 867). We conclude, therefore, that plaintiffs' motion for a protective order should have been denied.

Order reversed, on the law and the facts, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.