■ SPA REALTY ASSOCIATES, Appellant, v SPRINGS ASSOCIATES et al., Respondents, et al., Defendants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Simone, Jr., J.),

---

entered October 24, 1988 in Saratoga County, which, *inter alia,* granted a motion by various defendants for a protective order.

Plaintiff and defendant Springs Associates[1] are adjoining landowners in the City of Saratoga Springs, Saratoga County. In April 1988, plaintiff commenced this action alleging that defendants trespassed on its property by building a sewage disposal system. Plaintiff seeks damages and removal of the system. Defendants' answer, including counterclaims, was verified by defendants' attorney. Although certain dates may be subject to some dispute, it appears uncontroverted that no discovery demands were made until plaintiff served a notice for discovery and inspection, interrogatories, supplemental interrogatories and a notice of deposition of defendants' attorney, with subpoena, after defendants answered. Defendants then served an amended verified answer and counterclaims, the only amendment being a verification by one of the individual defendants rather than defendants' attorney, and a notice of deposition of one of plaintiff's partners. Defendants then moved for a protective order to vacate or stay plaintiff's discovery demands until plaintiff complied with defendants' notice of deposition. Plaintiff cross-moved for a protective order quashing defendants' notice of deposition and compelling defendants to respond to plaintiff's discovery demands. Supreme Court, without explanation, ordered plaintiff's discovery stayed until it complied with defendants' notice of deposition and permitted further motions for protective orders after such compliance.[2] This appeal by plaintiff followed.

Although Supreme Court has broad discretion to supervise discovery, such discretion must be exercised to facilitate the CPLR's liberal discovery requirements and the resolution of the action *(see, e.g., Albany Custom Floors v Urbach, Kahn & Werlin,* 135 AD2d 972). It appears that plaintiff's demands were all timely made considering that defendants answered and failed to initiate discovery *(see,* CPLR 3106 [a]; 3120 [a] [1];

1. Defendant Springs Associates is a partnership composed of four individual defendants who together created defendant Springs Homeowners Association. For convenience, our further references to defendants are to all these defendants but not other named defendants who are not participating in this appeal.

2. Justice William L. Ford rendered his decision in July 1988. He retired in September 1988 before signing any order implementing his decision. An Acting Justice of Supreme Court signed the order in October 1988, when it was entered. This action has now been assigned to another Justice of Supreme Court.

3132) and a court should be reluctant to interfere with plaintiff's priority in discovery in light of defendants' inaction in this regard *(see, e.g.,* 7 Carmody-Wait 2d, NY Prac § 42:128, at 230-231). We further find nothing inherently wrong with plaintiff's notice to depose defendants' attorney as a nonparty since his verification was apparently based on his personal knowledge and only conclusory objections to the notice and subpoena are posited *(see, Frybergh v Kouffman,* 119 AD2d 541). There also is no absolute prohibition against plaintiff's service of interrogatories and a notice of deposition together *(see, A. Colish, Inc. v Abramson,* 150 AD2d 210). Defendants also have failed to specify with particularity how the various discovery demands were unduly burdensome and improper so that it is hard to take their objections seriously *(see,* 7 Carmody-Wait 2d, NY Prac § 42:237, at 422).

Considering that these rules place the equities with plaintiff and that Supreme Court failed to explain its rationale for deviating from these prevailing rules, we must conclude that Supreme Court abused its discretion in granting the protective order appealed from. We note that this action has proceeded in Supreme Court during the pendency of this appeal. Rather than impose disclosure procedures on the parties, we believe that it is more appropriate to remit to Supreme Court to establish disclosure procedures in accordance with our decision and the dictates of the current posture of this action. Finally, we reject plaintiff's application for counsel fees and disbursements on the motion.

Order reversed, on the law, with costs, motions denied without prejudice, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.