■ Patrick J. Gardner, Respondent, v Kawasaki Heavy Industries, Ltd., et al., Appellants, et al., Defendants. [623

---

NYS2d 416] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 15, 1994 in Albany County, which, *inter alia,* granted plaintiff's motion compelling defendants Kawasaki Heavy Industries, Ltd., Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corporation U.S.A to respond to plaintiff's amended interrogatories.

On August 19, 1992, plaintiff in this negligence and strict products liability action served interrogatories upon defendants Kawasaki Heavy Industries, Ltd., Kawasaki Heavy Industries (USA), Inc. and Kawasaki Motors Corporation U.S.A. (hereinafter collectively referred to as Kawasaki).[1] Instead of answering, Kawasaki's counsel wrote a letter to plaintiff's counsel summarily objecting to a number of the interrogatories. Following a good-faith discovery conference, plaintiff served an amended set of interrogatories on December 7, 1992. Although Kawasaki did not move, pursuant to former CPLR 3133,[2] to strike out any of the interrogatories, it failed to answer or only partially answered approximately 50 of the 90 interrogatories propounded by plaintiff. Thereafter, the parties engaged in a fruitless exchange of correspondence which culminated in this motion by plaintiff to compel Kawasaki to answer the interrogatories. Supreme Court granted the motion, prompting this appeal.[3]

Supervision of disclosure is within the sphere of the trial court's broad discretionary power and, absent abuse, should not be disturbed *(see, Dunlap v United Health Servs.,* 189 AD2d 1072; *Soper v Wilkinson Match [USA],* 176 AD2d 1025). As we have held that the failure of a party to make a timely motion to strike interrogatories forecloses all inquiry into the propriety of the information sought except where the objection involves a matter privileged under CPLR 3101 *(see, Albany Custom Floors v Urbach, Kahn & Werlin,* 128 AD2d 924; *County of Chemung v Fenwal, Inc.,* 111 AD2d 551), we find that Supreme Court did not abuse its discretion in granting plaintiff's motion insofar as it related to those interrogatories Kawasaki claimed were irrelevant or overbroad. Further, we

---

1. Plaintiff has discontinued without prejudice his action against Kawasaki Heavy Industries (USA), Inc.

2. We note that CPLR 3133 was amended effective January 1, 1994 (L 1993, ch 98, § 13).

3. Although Kawasaki appealed from that part of Supreme Court's order compelling it to appear at an examination before trial to be held in Albany County, it did not address this issue in its brief. Hence, we deem it abandoned *(see, Richardson v Richardson,* 186 AD2d 946, *lv dismissed in part, lv denied* 81 NY2d 867).

agree with Supreme Court that Kawasaki's claim that plaintiff did not comply with the "good faith effort" requirement set forth in 22 NYCRR 202.7 (a) (2) lacks merit, particularly in view of Kawasaki's stated position that it had given plaintiff all that "we believe you are reasonably entitled to".

Inasmuch as interrogatory Nos. 71, 72, 73, 74 and 75 seek materials prepared for litigation, i.e., statements of witnesses and photographic evidence together with information relating thereto, Supreme Court should not have compelled Kawasaki to answer them since plaintiff did not satisfy the conditions precedents to the disclosure of such information that are contained in CPLR 3101 (d) (2) *(see, Sullivan v Smith,* 198 AD2d 749; *O'Connell v Jones,* 140 AD2d 676).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to compel defendants Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Corporation U.S.A. to answer interrogatory Nos. 71, 72, 73, 74 and 75; motion denied to that extent; and, as so modified, affirmed.