■ James Qian, Appellant, v Gloria Dugan, Respondent. [681 NYS2d 408] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 13, 1998 in Albany County, which granted defendant's motions *in limine* for preclusion of certain testimony and dismissed the complaint.

In this negligence action, plaintiff seeks to recover from his landlord for losses incurred when a fire consumed his attic apartment, damaging or destroying his personal property, allegedly including valuable Chinese art. About a week before the trial was scheduled to begin, plaintiff was informed that defendant intended to seek preclusion of certain expert testimony regarding the valuation of the artwork, because plaintiff had failed to adequately disclose the substance of that testimony in response to defendant's demand, as required by CPLR 3101 (d) (1) (i). Thereafter, on the day of trial, defendant moved orally to preclude this testimony. Although the motion, as initially framed, related only to the sufficiency of plaintiff's disclosure vis-à-vis the art appraiser, defendant ultimately broadened her request to encompass other expert testimony, including that bearing on the cause and origin of the fire. Defendant's motion, as well as a subsequent application to dismiss plaintiff's complaint, were granted and this appeal followed.

Supreme Court did not err in precluding plaintiff from eliciting expert testimony regarding the value of the art objects that perished in the fire, for plaintiff's disclosure as to the substance of his appraisers' anticipated testimony did not, as Supreme Court observed, satisfy the statutory criteria (*see, e.g., Chapman v State of New York*, 189 AD2d 1075; *Brossoit v O'Brien*, 169 AD2d 1019, 1020-1021). Despite having been made aware of the ways in which defendant viewed the proffered summary of this testimony as incomplete, plaintiff still made no attempt to redress these defects prior to trial. In light of this, it would clearly have been futile (although plaintiff would have us

conclude otherwise) for defendant to undertake further "good faith efforts" (*see*, 22 NYCRR 202.7 [a]; *Koelbl v Harvey*, 176 AD2d 1040) toward resolving this dispute prior to seeking judicial intervention (*see*, *Gardner v Kawasaki Heavy Indus.*, 213 AD2d 840, 841-842). Moreover, plaintiff's failure to make any effort to augment his responses, even after having been apprised of defendant's challenge to the level of detail provided, constitutes ample basis for concluding that plaintiff's lack of compliance was "intentional or willful" (*see*, *Tleige v Troy Pediatrics*, 237 AD2d 772, 774; *Fuoco v County of Nassau*, 223 AD2d 668, 669).

As for the other experts, however, the record reveals that plaintiff received no notice, prior to defendant's in-court motion, that his responses were considered to be inadequate in any respect. Defendant's memorandum of law (which was apparently the only document submitted in connection with the motion) does not mention these other experts, and there is no indication that plaintiff was informed that the sufficiency of his responses, outlining their qualifications and expected testimony, would be questioned. Given the critical nature of that testimony—which goes to the very theory of liability upon which his case is predicated—and the draconian impact of its preclusion (i.e., dismissal of the case), imposing so drastic a remedy without first affording plaintiff an opportunity to supplement his disclosure to comply with the statutory mandates was inexpedient (*see*, *Herd v Town of Pawling*, 244 AD2d 317; *Chapman v State of New York*, 227 AD2d 867, 868; *compare*, *Kaprelian v Kaprelian*, 236 AD2d 369, 370-371).

Because Supreme Court's dismissal of plaintiff's complaint was premised upon his inability to prove causation, and we have concluded that plaintiff should be afforded an opportunity to cure the deficiencies in his disclosure with respect to those experts,* the complaint shall be reinstated, without prejudice to a further motion for preclusion should plaintiff fail to furnish defendant with appropriately detailed statements, pursuant to CPLR 3101 (d) (1) (i), within 20 days of the date of this Court's decision.

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as precluded plaintiff from introducing any expert testimony by Daniel Stauffer or John Hilson, and dismissed the complaint; defen-

---

* With this exception, however, it should be noted that plaintiff is not to be permitted to further augment his disclosure by, e.g., adding to the list of individuals from whom he intends to elicit expert testimony.

dant's motions are denied, insofar as they sought preclusion of those experts' testimony and dismissal of the complaint, without prejudice to renewal should plaintiff fail to meet the requirements of CPLR 3101 (d) (1) (i), with respect to his proposed experts Stauffer and Hilson, within 20 days of the date of this Court's decision, and plaintiff is hereby precluded from eliciting expert testimony from any other person(s) not previously disclosed; and, as so modified, affirmed.