■ JESUS CARRASQUILLO, an Infant, by His Legal Guardian, RAMONA RIVERA, et al., Appellants-Respondents, v NETSLOH REALTY CORP. et al., Respondents-Appellants. [719 NYS2d 57] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered March 7, 2000, which, to the extent appealed and cross-appealed from as limited by the parties' briefs, granted defendants' motion to strike the note of issue, strike the case from the trial calendar and compel discovery, and defendants' motion for reargument of a prior discovery motion, to the limited extent of directing that plaintiffs furnish their CPLR 3101 (d) responses and their authorization for the infant plaintiff's records from the Department of Social Services and his pre-natal records, and directing plaintiffs' depositions and a physical examination of the infant, unanimously modified, on the law, the facts and in the exercise of discretion, to strike the provisions requiring plaintiffs to furnish defendants with authorizations to obtain the infant plaintiff's records from the Department of Social Services and his pre-natal records, and otherwise affirmed, without costs.

Under the unique circumstances of this case and in light of the frequency with which both sides have resorted to judicial intervention in discovery disputes in the three years prior to the instant motion to strike the note of issue, the failure of defendants to include an affirmation of good faith is excusable because any effort to resolve the present dispute non-judicially would have been "futile" (*see, Qian v Dugan*, 256 AD2d 782;

*Gardner v Kawasaki Heavy Indus.*, 213 AD2d 840, 841). We find, however, that it was an improvident exercise of discretion for the motion court to have made any directive unavoidably requiring the production of medical records pertaining to the nonparty birth mother, who does not appear to have been served with the motion (*see, Monica W. v Milevoi*, 252 AD2d 260, 262-263). We do not otherwise perceive any improvident exercise of discretion (*see, Law v City of New York*, 250 AD2d 540; *DeStrange v Lind*, 277 AD2d 344). We reject plaintiffs' argument that the cross appeal should be dismissed on procedural grounds. Concur—Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.