■ THE AMHERST SYNAGOGUE, Appellant, v SCHUELE PAINT Co., INC., et al., Respondents. [816 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 24, 2005. The order, insofar as appealed from, granted in part defendants' motion to compel plaintiff to respond fully to all interrogatories and discovery demands.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff commenced this products liability action alleging that it had sustained property damage because of a defective roof coating product manufactured by defendant Benjamin Moore & Co. and sold to plaintiff by defendant Schuele Paint Co., Inc. Defendants answered the complaint and served extensive interrogatories and discovery demands. Plaintiff promptly objected to the interrogatories on the grounds that they were "excessive, standardized, burdensome and/or harassing" and responded or otherwise objected to the remaining discovery demands. We conclude that Supreme Court abused its discretion in granting that part of defendants' motion to compel plaintiff to respond fully to all interrogatories and discovery demands. Many of the discovery demands, such as the demand for proposed medical expert witnesses and the demand for collateral source payments, were patently inapplicable to this case and thus were improper. In addition, defendants violated CPLR 3110 (1) by specifying that the depositions of all parties were to take place in White Plains, at the office of their attorney. Defendants' interrogatories, consisting of over 200 questions that spanned 21 pages as well as four pages of instructions, were unduly burdensome and oppressive (see *EIFS, Inc. v Morie Co.*, 298 AD2d 548, 549 [2002]; *Barouh Eaton Allen Corp. v International Bus. Machs. Corp.*, 76 AD2d 873, 874 [1980]; see also *Haszinger v Praver*, 12 AD3d 485, 486 [2004]) and, indeed, rose to the level of harassment.

We further conclude in any event that the court should have denied defendants' motion in its entirety because defendants' affirmation setting forth that defendants' counsel conferred

with plaintiff's counsel in a good faith effort to resolve the discovery dispute was deficient (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.7 [a] [2]; *Cestaro v Chin*, 20 AD3d 500 [2005]). The affirmation of the good faith effort "shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions" (22 NYCRR 202.7 [c]). Here, after plaintiff objected to the interrogatories and responded in part and objected in part to the discovery demands, defendants made no effort to modify or simplify the demands. Instead, they informed plaintiff in two letters that plaintiff's rejection of their discovery demands was improper, and they demanded responses to their requests. Defendants thus "failed to demonstrate that they made a diligent effort to resolve this discovery dispute" (*Baez v Sugrue*, 300 AD2d 519, 521 [2002]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.