■ PETER B. KANE, M.D., Appellant-Respondent, v SHAPIRO, ROSENBAUM, LIEBSCHUTZ, AND NELSON, L.L.P., Respondent Appellant. [871 NYS2d 794]—

Memorandum: Plaintiff commenced this action seeking to recover fees allegedly due from defendant law firm for his services as an expert witness in a medical malpractice action, and defendant asserted a counterclaim seeking the contingent legal fees that it allegedly lost as a result of plaintiff's expert testimony in the underlying action. Supreme Court erred in granting in part plaintiff's motion seeking disclosure sanctions by directing defendant to provide plaintiff with that portion of the trial transcript in the underlying action consisting of the direct testimony of plaintiff as well as his testimony on cross-examination. The affidavit submitted by plaintiff's attorney in support of the motion failed to demonstrate "that counsel has conferred with counsel for [defendant] in a good faith effort to

1514

resolve the issues raised by the motion" (Uniform Rules for Trial Cts [22 NYCRR] § 202.7 [a] [2]; *see Amherst Synagogue v Schuele Paint Co., Inc.,* 30 AD3d 1055, 1056-1057 [2006]). In addition, the portion of the trial transcript sought by plaintiff is equally available to both parties, and plaintiff has the responsibility to obtain it if he believes that it is necessary to his defense of the counterclaim (*see generally* CPLR 3101 [a]; *Rios v Donovan,* 21 AD2d 409, 411 [1964]). We thus conclude that plaintiff's motion should have been denied in its entirety (*see Gordon v Hancock,* 292 AD2d 858 [2002]), and we therefore modify the order accordingly. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.