■ ALICE YARGEAU et al., Respondents, v LASERTRON, Appellant. (Appeal No. 2.) [904 NYS2d 840]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 7, 2009 in a personal injury action. The order, insofar as appealed from, upon reconsideration denied the motion of defendant for partial summary judgment and granted the motion of plaintiffs to compel disclosure.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion and vacating the fourth ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Alice Yargeau (plaintiff) while playing the "Cyber Sport" game at defendant's entertainment facility. According to plaintiffs, the "Cyber Car" in which plaintiff was seated was rear-ended by another Cyber Car, and they asserted causes of action for negligence, breach of warranty and strict products liability.

Plaintiffs made discovery demands in February 2009, April 2009 and May 2009 to which defendant responded on May 26, 2009. Plaintiffs thereafter moved to compel defendant to produce documents requested in their earlier demands. Specifically, plaintiffs contended that defendant should be required to produce documents concerning the design and manufacture of the Cyber Car. Defendant alleged, however, that it did not have such information because the Cyber Car was designed and manufactured by another corporation over which defendant had no control.

We conclude that Supreme Court erred in granting plaintiffs' motion, and we therefore modify the order accordingly. We agree

with defendant that plaintiffs failed to comply with 22 NYCRR 202.7 (a). Pursuant to that regulation, a movant seeking to compel disclosure is required to serve and file "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." (§ 202.7 [a].) "The affirmation of the good faith effort 'shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions' " (*Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055, 1057 [2006], quoting 22 NYCRR 202.7 [c]). It is well established that the failure to file that affirmation or a deficiency in that affirmation may justify denial of a motion to compel (*see Natoli v Milazzo*, 65 AD3d 1309, 1310-1311 [2009]; *Kane v Shapiro, Rosenbaum, Liebschutz, & Nelson, L.L.P.*, 57 AD3d 1513 [2008]; *Amherst Synagogue*, 30 AD3d at 1056-1057). The failure to include the good faith affirmation may be excused, however, where "any effort to resolve the present dispute non-judicially would have been 'futile' " (*Carrasquillo v Netsloh Realty Corp.*, 279 AD2d 334, 334 [2001]; *see Diamond State Ins. Co. v Utica First Ins. Co.*, 67 AD3d 613 [2009]; *Qian v Dugan*, 256 AD2d 782, 782-783 [1998]). In *Carrasquillo*, the Court determined that such efforts would have been futile "[u]nder the unique circumstances of [that] case and in light of the frequency with which both sides have resorted to judicial intervention in discovery disputes in the three years prior to the instant motion" (279 AD2d at 334). In *Diamond State Ins. Co.*, the effort was deemed futile "in light of [the] defendant's multiple delays and violations of repeated court orders, its numerous improper objections to practically every demand for disclosure made by [the] plaintiff, its unjustifiable limitation of the search of its files, its continued refusal to produce responsive documents and its utter failure to account for its behavior" (67 AD3d at 613). In *Qian*, any effort would have been futile because, "[d]espite having been made aware of the ways in which [the] defendant viewed the proffered summary of [the] testimony [in question] as incomplete, [the] plaintiff still made no attempt to redress [those] defects prior to trial" (256 AD2d at 782).

Under the circumstances of this case, however, we cannot conclude that plaintiffs' efforts would have been futile. The affirmation of plaintiffs' attorney established that plaintiffs made a good faith effort to obtain the initial responses from defendant, but it did not establish that they had made any good faith effort to resolve the "present dispute," i.e., the alleged inadequacy of defendant's responses (*Carrasquillo*, 279 AD2d at 334). Indeed, this is not a case where there had been multiple disputes or defendant had continuously refused to respond. Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.