■ VICTORIA MIRONER et al., Respondents, v CITY OF NEW YORK et al., Appellants. (Appeal No. 1.) VICTORIA MIRONER et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. (Appeal Nos. 2 and 3.) [915 NYS2d 279]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated March 18, 2009, as conditionally granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike their answer unless they produced certain documents within a specified time, (2) from stated portions of an order of the same court dated October 9, 2009, and (3) from stated portions of an amended order of the same court dated October 20, 2009, which, inter alia, in effect, upon reargument, adhered to the original determination in the order dated March 18, 2009, conditionally granting that branch of the plaintiffs' motion which was pursu-

ant to CPLR 3126 to strike their answer unless they produced certain documents within a specified time and, in effect, extended the time to produce such documents, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from stated portions of the order dated October 9, 2009, and the amended order dated October 20, 2009, which, inter alia, denied that branch of their motion which was for access to and permission to examine and photograph the location of the injured plaintiff's accident.

Ordered that the appeal from the order dated March 18, 2009, is dismissed, as the portion of the order appealed from was superseded by so much of the amended order dated October 20, 2009, as was made, in effect, upon reargument; and it is further,

Ordered that the appeal and cross appeal from the order dated October 9, 2009, are dismissed, as that order was superseded by the amended order dated October 20, 2009; and it is further,

Ordered that the amended order dated October 20, 2009, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof which, in effect, upon reargument, adhered to the original determination in the order dated March 18, 2009, conditionally granting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer unless they produced certain documents within a specified time and, in effect, extended the time to produce such documents, and substituting therefor a provision, upon reargument, vacating the determination in the order dated March 18, 2009, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer unless they produced certain documents within a specified time, and thereupon denying that branch of the plaintiffs' motion; as so modified, the amended order dated October 20, 2009, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court improvidently exercised its discretion in conditionally granting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer. Actions should be resolved on their merits wherever possible (*see Denoyelles v Gallagher*, 30 AD3d 367, 368 [2006]; *Simpson v City of New York*, 10 AD3d 601, 602 [2004]). A court in its discretion may strike the pleading of a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). Initially, the affirmation of good faith submitted by the plaintiffs' counsel (*see* 22 NYCRR 202.7 [a] [2]) was insufficient, as it did not refer to any communications between the

parties that would evince a diligent effort by the plaintiffs to resolve the discovery dispute (see 22 NYCRR 202.7 [c]; Natoli v Milazzo, 65 AD3d 1309, 1310-1311 [2009]; Amherst Synagogue v Schuele Paint Co., Inc., 30 AD3d 1055, 1056-1057 [2006]). Moreover, here the record supports a finding that the defendants substantially, albeit tardily, complied with court-ordered discovery (see ACME ANC Corp. v Read, 55 AD3d 854, 855 [2008]; Myung Sum Suh v Jung Ja Kim, 51 AD3d 883 [2008]; Cambry v Lincoln Gardens, 50 AD3d 1081, 1082 [2008]; Resnick v Schwarzkopf, 41 AD3d 573 [2007]).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was for access to and permission to examine and photograph the location of the injured plaintiff's accident. Although CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," unlimited disclosure is not required, and supervision of disclosure is generally left to the Supreme Court's broad discretion (see Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [2002]; Silcox v City of New York, 233 AD2d 494 [1996]). Here, an expert retained by the plaintiffs had already prepared a report after examining and photographing the accident location approximately one month after the accident occurred. Moreover, at the time the plaintiffs moved for access and permission to conduct a second examination of the accident location, almost three years had elapsed since the date of the accident (see Silcox v City of New York, 233 AD2d at 494), and the defendants submitted evidence that the steps on which the injured plaintiff allegedly fell had been structurally modified since that date.

The parties' remaining contentions either are without merit, have been rendered academic, or need not be reached in light of the foregoing. Covello, J.P., Florio, Eng and Chambers, JJ., concur.