■ NORTHERN LEASING SYSTEMS, INC., Respondent, v ESTATE OF EDWARD M. TURNER, Deceased, et al., Appellants. [918 NYS2d 413]—

The motion court providently exercised its discretion in sanctioning defendants. Defendants' willful and contumacious refusal to cooperate with the discovery process can be inferred from two years of noncompliance with plaintiff's requests and defendants' failure to comply with three court orders directing defendants to produce documents and warning them of sanctions (*see Glasburgh v Port Auth. of N.Y. & N.J.*, 193 AD2d 441 [1993]; *Fish & Richardson, P.C. v Schindler*, 75 AD3d 219 [2010]).

Defendants' argument that plaintiff's failure to include an affirmation of good faith pursuant to 22 NYCRR 202.7 should be fatal to its cross motion for sanctions is unavailing. The record indicates that plaintiff attempted, both under the auspices of the court and out of court, to reach an accommodation with defendants. "Under the unique circumstances of this case," any further attempt to resolve the dispute nonjudicially would have been futile (*see Carrasquillo v Netsloh Realty Corp.*, 279 AD2d 334, 334 [2001]).

We have considered the remaining arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.