# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1280

CA 12-01968

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

BARBARA GRASSO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROBERT MCCOY, DEFENDANT-RESPONDENT.

---

BARBARA GRASSO, PLAINTIFF-APPELLANT PRO SE.

FRYE & CARBONE LLC, UTICA (RICHARD A. FRYE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Erin
P. Gall, J.), entered September 18, 2012.  The order, inter alia,
granted the motion of defendant to strike the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the amended complaint is reinstated.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
imposition of a constructive trust on real property owned by
defendant.  Supreme Court erred in granting defendant's motion to
strike the amended complaint pursuant to CPLR 3126 based upon
plaintiff's failure to respond to discovery demands.  The affirmation
submitted by defendant's attorney in support of the motion failed to
demonstrate that he "ha[d] conferred with counsel for [plaintiff] in a
good faith effort to resolve the issues raised by the motion" (Uniform
Rule for Trial Cts [22 NYCRR] § 202.7 [a] [2]; *see Kane v Shapiro,
Rosenbaum, Liebschutz, & Nelson, L.L.P.*, 57 AD3d 1513, 1513-1514).
The conclusory assertions in the affirmation do not refer to any
specific efforts or communications with plaintiff's attorney "that
would evince a diligent effort by [defendant] to resolve the discovery
dispute" (*Mironer v City of New York*, 79 AD3d 1106, 1108; *see 241
Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 472), nor do those
assertions support defendant's contention that he is excused from
complying with the rule because "any effort to resolve the present
dispute non-judicially would have been 'futile' " (*Carrasquillo v
Netsloh Realty Corp.*, 279 AD2d 334, 334; *see Yargeau v Lasertron*, 74
AD3d 1805, 1806).

Entered:  January 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court