■ JASON LOEB, Respondent, v ASSARA NEW YORK I L.P. et al., Appellants. [987 NYS2d 365]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 20, 2013, which, inter alia, granted plaintiff's motion pursuant to CPLR 3126 to strike defendants' answer based on their failure to comply with discovery orders, unanimously affirmed, with costs.

The court did not abuse its discretion in striking defendants' answer, given defendants' unexcused failure to comply with at least three court orders requiring them to provide supplemental responses to plaintiff's discovery demands and produce a witness with knowledge for deposition by specific dates (CPLR 3126 [3]; *see also Williams v Shiva Ambulette Serv. Inc.*, 102 AD3d 598, 599 [1st Dept 2013]). Each of the subject orders expressly warned defendants that all dates set forth therein were "final" and the failure to comply, absent a showing of good cause, would result in the striking of the answer or preclusion of evidence at trial, upon written notice of motion of such noncompliance (*see Oasis Sportswear, Inc. v Rego*, 95 AD3d 592, 592 [1st Dept 2012]). Also, the court granted plaintiff's first motion to strike the answer, and although it subsequently vacated that order, defendants' failure to avail themselves of the opportunity to produce a witness within the newly extended deadline conclusively demonstrates that their noncompliance was "willful, contumacious or due to bad faith" (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011], quoting *McGilvery v New York City Tr. Auth.*, 213 AD2d 322, 324 [1st Dept 1995]). Defendants' repeated failure to produce a witness has prejudiced plaintiff's ability to obtain material and necessary information that is solely within defendants' possession, thus warranting striking their answer (*see Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [1st Dept 2004]). Defendants also waived their right to conduct a physical examination of plaintiff.

Although the "affirmation of good faith" submitted by counsel in support of plaintiff's motion, standing alone, contained insufficient details of his efforts to resolve this discovery matter without court intervention, when viewed in conjunction with the other affirmation counsel submitted in support of the motion, the requirements of 22 NYCRR 202.7 (c) were sufficiently

satisfied. Even if plaintiff's motion papers were technically noncompliant with 22 NYCRR 202.7 (c), we find that the record establishes that plaintiff's counsel attempted on numerous occasions, both in and out of court, to resolve the outstanding discovery issues with defendants before filing the motion to strike the answer. As such, in the unique circumstances of this case, "any further attempt to resolve the dispute nonjudicially would have been futile" (*Northern Leasing Sys., Inc. v Estate of Turner*, 82 AD3d 490, 490 [1st Dept 2011]). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.