■ DOLORES S. SUAREZ, Respondent, v SHAPIRO FAMILY REALTY ASSOCIATES, LLC, et al., Appellants, and DUANE READE, INC., Respondent. SHAPIRO FAMILY REALTY ASSOCIATES, LLC, et al., Third-Party Plaintiffs-Appellants, v SATO CONSTRUCTION CO., INC., Doing Business as FLAG WATERPROOFING & RESTORATION COMPANY, et al., Third-Party Defendants. [53 NYS3d 23]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 30, 2016, which denied the motion of defendants Shapiro Family Realty Associates, LLC, Kern 90, LLC and Rose Associates, Inc. to strike plaintiff's note of issue, to compel defendant Duane Reade, Inc. to comply with discovery, and to compel third-party defendants, Sato Construction Co., Inc. and Production Contracting Co., to produce witnesses for depositions, unanimously modified, on the law and the facts, and Shapiro's motion granted to the extent that Duane Reade is directed to provide a copy of contracts relative

to sidewalk repairs performed on the sidewalk abutting its leased premises forthwith, to produce John Yodice and Tim Weiss for depositions within 60 days of the date of this order, and to provide the last known address of Mark Bander, and otherwise affirmed, without costs.

Under the circumstances, where plaintiff's certificate of readiness contained no incorrect material representations, the court properly refused to vacate the note of issue (*cf.* 22 NYCRR 202.21 [e]). However, as plaintiff acknowledged in the note of issue and certificate of readiness, discovery was still outstanding. Plaintiff's argument that Shapiro's affirmation of good faith failed to comply with 22 NYCRR 202.7 is unavailing, since the record demonstrates that Shapiro repeatedly attempted to obtain discovery and depositions from Duane Reade, but to no avail. "Under the unique circumstances of this case," any further attempt to resolve the dispute non-judicially would have been futile (*see Carrasquillo v Netsloh Realty Corp.*, 279 AD2d 334, 334 [1st Dept 2001]).

It is noted that granting Shapiro's discovery request as to Duane Reade will not prejudice plaintiff, since the matter remains on the trial calendar (*see May v American Red Cross*, 282 AD2d 285 [1st Dept 2001]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.