Nugent v City of New York (2020 NY Slip Op 07715)





Nugent v City of New York


2020 NY Slip Op 07715


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 155991/12 Appeal No. 12725N Case No. 2020-02057 

[*1]Symonette Nelson Nugent, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, Keyspan Energy Corp., et al., Defendants.


Elefterakis, Elefterakis & Panek, New York (Eileen Kaplan of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Diana Lawless of counsel), for The City of New York, The New York Department of Transportation and The New York City Department of Environmental Protection, respondents.
Heidell, Pittoni, Murphy & Bach, LLP, Garden City (Daniel Lei of counsel), for Consolidated Edison Inc., respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered on or about August 14, 2019, which, to the extent appealed from, denied plaintiff's motions to strike the New York City defendants' (the City) answer or preclude the City from offering evidence at trial and for sanctions against defendant Consolidated Edison, Inc. (Con Ed), unanimously affirmed, without costs.
Contrary to the City's contention, plaintiff's failure to submit an affirmation of good faith on her motion to strike the City's answer based on discovery failures was not fatal, in light of plaintiff's counsel's affirmation showing that the issue of whether the City's undisputedly late disclosures were willful, contumacious, or due to bad faith would not be resolved between the parties (see Northern Leasing Sys., Inc. v Estate of Turner, 82 AD3d 490, 490 [1st Dept 2011]). However, plaintiff failed to demonstrate conclusively that the City's discovery failures were willful, contumacious or due to bad faith (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). Plaintiff's principal complaint is that the City disclosed new documents in support of its motion for summary judgment and on the eve of trial. She claims that the late disclosures were "guerilla" or "ambush" tactics. However, she failed to explain how they affected her case. Thus, while we do not condone the City's actions, we agree with the motion court that plaintiff failed to show that the late disclosures were part of a pattern to ignore or thwart discovery orders. If plaintiff did not believe that discovery was complete when she filed her note of issue, her remedy was to move to compel specific discovery.
Plaintiff seeks sanctions against Con Ed for moving to sanction her. While we find Con Ed's motion ill advised, and it was denied by the motion court, the motion was not "so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1" (Parametric Capital Mgt., LLC v Lacher, 26 AD3d 175, 175 [1st Dept 2006]). As plaintiff moved against the City pursuant to CPLR 3126 and did not seek money
sanctions under 22 NYCRR 130-1.1, we will not entertain her present request for that relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020