Louis F. Burke PC v Aezah (2021 NY Slip Op 00365)





Louis F. Burke PC v Aezah


2021 NY Slip Op 00365


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 654778/16 Appeal No. 12942N-12942NA Case No. 2020-02060 

[*1]Louis F. Burke PC, Plaintiff-Respondent,
v
Ahmed Aezah et al., Defendants-Appellants.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellants.
Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for respondent.



Orders, Supreme Court, New York County (David B. Cohen, J.), entered November 21, 2019, which, to the extent appealed from, directed defendants to produce previously court-ordered discovery, and denied defendants' motion to amend the answer to assert a counterclaim for overpayment, unanimously affirmed, without costs.
The motion court providently exercised its discretion in ordering the production of documents subsequent to the filing of the note of issue (see e.g. Cabrera v Abaev, 150 AD3d 588 [1st Dept 2017]). The motion court also providently exercised its discretion in imposing sanctions, which were merely conditional and triggered only upon defendants' failure to comply with prior court orders that defendants repeatedly violated. Plaintiff's good faith affirmation submitted in support of the motion was sufficient, considering plaintiff's repeated attempts to obtain the discovery (22 NYCRR 202.7; Suarez v Shapiro Family Realty Assoc., LLC, 149 AD3d 526, 526-527 [1st Dept 2017]).
The motion court also properly denied defendants' motion to amend the answer to assert a counterclaim for overpayment. Based on the affirmation defendants submitted in support of their motion, the proposed counterclaim was premised on plaintiff's purported failure to achieve a promised "quick settlement" in underlying legal matters. However, this Court has already addressed and rejected this theory of recovery (168 AD3d 600 [1st Dept 2019]), and defendants have not alleged any new basis for this Court to find that the previously rejected allegations are anything less than futile.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021