■ CATHERINE WHEELER, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. NAB CONSTRUCTION CORP., Third-Party Defendant-Respondent. [706 NYS2d 13] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about August 27, 1999, which, in an action for personal injuries sustained in a fall down stairs leading into a subway station, insofar as appealed from as limited by defendant and third-party plaintiff Transit Authority's brief, granted third-party defendant contractor's cross motion to preclude the Transit Authority from offering testimony at trial as to liability, unanimously affirmed, without costs.

Precluding the Transit Authority from offering any testimony on the issue of liability was an appropriate sanction for its failure to comply with a court order directing it to produce its construction manager for completion of his deposition and with two subsequent court orders directing it produce a knowledgeable witness. The Transit Authority's claim that the construction manager, who caused the original delay of the deposition, left its employ and was no longer under its control is unpersuasive absent details of any efforts to have him appear before he left and what efforts, if any, were made to locate him after he left. The witness produced in response to the third order did not begin working at the subway station in question until some five months after plaintiff's accident and was unable to proffer any testimony concerning the areas of the station worked on by the contractor prior to the accident. The witness was therefore without knowledge of the relevant facts. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.