■ MICHAEL DOMINGUEZ, Respondent, v OCG, IV, LLC, Appellant, et al., Defendant. [918 NYS2d 406]—

Appellant failed to demonstrate its entitlement to summary judgment since it did not establish that the defect in the subject step was trivial as a matter of law. Whether a defect in a sidewalk or step is trivial is generally a matter for a jury, and "a mechanistic disposition of a case based exclusively on the dimension of the . . . defect is unacceptable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Appellant relied on photographs of the step to establish that the defect was trivial, but the photographs show an irregular, patched and worn surface, which is not inconsistent with plaintiff's testimony that he fell when his foot became caught in a crack on the edge of the step (see *Tineo v Parkchester S. Condominium*, 304 AD2d 383 [2003]; *Nin v Bernard*, 257 AD2d 417 [1999]). Appellant did not provide testimony of any person with knowledge of the condition of the entranceway at the time of the accident.

Appellant's motion to vacate the conditional order of preclusion was properly denied. The record shows that appellant failed to produce a witness with knowledge for deposition by the

extended deadline imposed by court order, despite clear warning that preclusion would result. Thereafter, appellant produced a witness without knowledge of the condition of the building at the time of the accident and the court properly rejected the claim that the witness was too sick to attend the scheduled deposition (*see Wheeler v New York City Tr. Auth.*, 270 AD2d 104 [2000]). Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.