Justice Torres had the authority to consider the motions for reargument, as the Justice who signed the order on the prior motions for summary judgment was unable to hear the motions for reargument (see CPLR 2221 [a]). Justice Torres properly granted the motions for leave to reargue, as the Justice who signed the order on the prior motions failed to address defendants’ assertion that the defect which caused plaintiffs accident was trivial (see CPLR 2221 [d] [2]).
Upon reargument, the court should have not dismissed the complaint as against the Acklinis defendants. Plaintiff’s testimony and the photograph of the tree well where plaintiff allegedly tripped raise a triable issue of fact as to whether the subject defect was trivial (see Dominguez v OCG, TV, LLC, 82 AD3d 434, 434 [1st Dept 2011]). Further, the lease between landlord Acklinis and tenant Best Buy shows that Acklinis was obligated to maintain, among other things, the curbing and all common areas, including the sidewalks and landscaping.
The court, however, correctly dismissed the complaint as against general contractor Lewiston. There was no evidence that Lewiston had any obligation to maintain the tree well or *469 the sidewalks in front of the Best Buy store. Nor was there any evidence that Lewiston had returned to the job site after it constructed the store almost three years before plaintiffs accident (see Fernandez v 707, Inc., 85 AD3d 539, 541 [1st Dept 2011]).
The court also correctly dismissed the complaint as against the Best Buy defendants. There was no evidence that tenant Best Buy had any obligation or took any steps to maintain the tree well, or that it had agreed in writing to modify the lease, which imposed the duty to maintain the tree well on landlord Acklinis. Concur — Andrias, J.P., Friedman, DeGrasse, ManzanetDaniels and Gische, JJ.