*656 Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 31, 2013, which, to the extent appealed from as limited by the briefs, granted so much of plaintiffs motion as sought to strike the answer of defendants Metropolitan Transportation Authority (MTA), New York City Transit Authority, and Manhattan and Bronx Surface Transit Operating Authority (collectively, the Authority), and denied so much of the motion as sought costs and sanctions against the Authority and its counsel, unanimously modified, on the law, to the extent of granting the part of plaintiffs motion that seeks costs and sanctions against the Authority, imposing a sanction on the Authority in the amount of $10,000, payable to the Lawyers’ Fund for Client Protection, and remanding the matter to Supreme Court for assessment of the costs and attorneys’ fees incurred by plaintiff in making the motion for sanctions and taking this appeal, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in striking the Authority’s answer. For four years and despite discovery orders, the Authority failed to acknowledge ownership of the MTA police vehicle that caused plaintiffs injuries or to disclose the name of the driver of the vehicle. In fact, the Authority repeatedly denied ownership and employment of the vehicle’s driver, and, when defendant the City of New York moved to dismiss the complaint based on its lack of ownership of the vehicle, the Authority joined in the motion on identical grounds. The Authority acknowledged ownership and disclosed the driver’s identity only after the court ruled that the MTA owned the vehicle and after plaintiff moved for summary judgment on the issue of liability. In addition, while the Authority initially stated that the incident was “unreported,” it disclosed an incident report after plaintiff moved for discovery sanctions. The Authority failed to provide an excuse for the late disclosure of the report and the driver’s identity.
The Authority’s conduct constituted willful and contumacious behavior and was a significant waste of limited and strained judicial resources sufficient to warrant the “drastic” sanction of striking its answer (Oasis Sportswear, Inc. v Rego, 95 AD3d 592 [1st Dept 2012]; Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). The Authority’s frivolous conduct also warrants the imposition of costs and sanctions (see 22 NYCRR 130-1.1). No sanctions are warranted against the Authority’s prior counsel, as the record indicates that the Authority withheld the available information from its prior *657 counsel.
Concur—Mazzarelli, J.E, Friedman, Saxe, ManzanetDaniels and Feinman, JJ.