# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1073**
**CA 15-00201**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

BONNIE J. SARAVULLO, PLAINTIFF-APPELLANT,

                              V                              MEMORANDUM AND ORDER

HERBERT M. TILLOTSON, DEFENDANT-RESPONDENT.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (JOHN E. ABEEL OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, ROCHESTER (RICHARD C. BRISTER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered August 20, 2014. The order, insofar as appealed from, granted the motion of defendant in part by directing plaintiff to provide certain cell phone records for in camera review.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a motor vehicle accident, plaintiff appeals from an order granting defendant's motion in part by directing plaintiff to provide Supreme Court with her cell phone records for in camera review. Although it is true, as plaintiff contends, that defendant did not make the good faith effort required by 22 NYCRR 202.7 to resolve the discovery dispute prior to filing the motion, the court properly concluded that, inasmuch as plaintiff had previously refused defendant's request to release the records, defendant's failure to comply with the above rule may be excused because "any effort to resolve the [discovery] dispute non-judicially would have been futile" (*Yargeau v Lasertron*, 74 AD3d 1805, 1806 [internal quotation marks omitted]).

We reject plaintiff's further contention that the court abused its discretion in refusing to deny the motion as untimely. "Where additional discovery is sought more than 20 days after the filing of the note of issue, the moving party must demonstrate unusual or unanticipated circumstances and substantial prejudice absent the additional discovery" (*Blinds To Go [US], Inc. v Times Plaza Dev., L.P.*, 111 AD3d 775, 775). Here, the note of issue was filed on June 11, 2014, and defendant's motion to compel was served on June 27, 2014, within the 20-day period. Thus, defendant was not required to show unusual or unanticipated circumstances; instead, defendant merely had to demonstrate that discovery was not complete (*see* 22 NYCRR

202.21 [e]; *Gallo v SCG Select Carrier Group, L.P.*, 91 AD3d 714, 714-715), which he did in fact show based on plaintiff's refusal to authorize the release of her cell phone records as requested by defendant before the note of issue was filed.