Frankel v 71st St. Lexington Corp. (2023 NY Slip Op 06084)

Frankel v 71st St. Lexington Corp.

2023 NY Slip Op 06084

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 105742/11 Appeal No. 1085 Case No. 2022-05274 

[*1]Eric Frankel, Individually and as Executor of the Estate of Gloria Frankel, Plaintiff-Respondent,
v
71st Street Lexington Corp. et al., Defendants-Appellants.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew A. Ulmann of counsel), for appellants.
Foster Garvey PC, New York (Maurice W. Heller of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.) entered on October 24, 2022, which denied the cross-motion of defendant 71st Street Lexington Corp., also sued herein as 71st Street Lexington Corporation, for summary judgment on its counterclaims for attorneys' fees under the proprietary lease, unanimously affirmed, with costs.
The motion court properly denied defendant-cooperative's cross-motion for summary judgment on its counterclaims for attorneys' fees as procedurally defective. Contrary to the cooperative's contention, the motion court properly determined that the January 10, 2019, order dismissed "the action" and marked the case "disposed," warranting denial of the motion (see e.g. Geronimo v Guzman, 216 AD3d 455 [1st Dept May 9, 2023]). Although the cooperative urges that this was error, as the motion court reasoned, it was then incumbent upon the cooperative to take steps to correct that error, either by appealing the order, moving to vacate or reargue, or otherwise moving to restore the action, which it failed to do. That plaintiff never served a 90-day demand "to resume prosecution" in order for the counterclaims to be dismissed under CPLR 3216 is irrelevant. The motion court did not dismiss the counterclaims for failure to prosecute; it simply denied the cross-motion for summary judgment based on the express terms of the January 2019 order.
Even if the motion court had not declined to reach the merits based on the above procedural defects, the cross-motion was properly denied as substantively defective as well. The cooperative failed to submit an affidavit by a person with knowledge describing the nature of the attorneys' fees incurred, in what amounts, or for what period, nor did it submit any invoices reflecting the attorneys' fees charged. Furthermore, because the cooperative's motion papers did not request a hearing to determine these facts, the cooperative's submission was inadequately supported (CPLR 3212[a]).
We have considered the cooperative's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023