**East Dr. Hous. Dev. Corp. v Lawrence**

2024 NY Slip Op 34156(U)

November 15, 2024

Supreme Court, New York County

Docket Number: Index No. 161032/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA**     PART     **42M**

*Justice*

-----------------------------------------------------------------X

EAST DRIVE HOUSING DEVELOPMENT CORPORATION,

          Plaintiff,

        - v -

STEVEN M LAWRENCE, TIFFANY LAWRENCE, IMANI MANAGEMENT, INC.

          Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161032/2022 |
| MOTION DATE | 05/31/2024 |
| MOTION SEQ. NO. | 014 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 014) 167, 179, 180, 181, 182, 184, 214

were read on this motion to/for       SANCTIONS

APPEARANCES:

       Judd Rothstein, Miami, Florida, (Judd R. Rothstein, Esq., of counsel) counsel, for plaintiff.

HON. EMILY MORALES-MINERVA:

In this breach of a proprietary lease and fiduciary duty action, plaintiff EAST DRIVE HOUSING DEVELOPMENT CORPORATION moves (motion sequence 014) for discovery and monetary sanctions, as well as vacatur of note of issue, against defendants STEVEN M. LAWRENCE and TIFFANY LAWRENCE ("defendants")[1] for their failure to comply with the court's January 18, 2024 discovery order (N. Bannon, J.S.C.). Plaintiff

---

[1] On July 25, 2024, plaintiff e-filed a stipulation of discontinuance, without prejudice, against defendant Imani Management, Inc. (see NYSCEF Doc. No. 183). Accordingly, Steven and Tiffany Lawrence are the only remaining defendants.

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL     Page 1 of 24
Motion No. 014

1 of 24

further moves for monetary sanctions pursuant to 22 NYCRR § 130-1.1 to the extent of awarding it attorneys' fees related to the instant motion.

Defendant TIFFANY LAWRENCE has never appeared or participated in the instant action, and has not filed opposition to the motion. Defendant STEVEN LAWRENCE also does not oppose the motion.

For the reasons set forth below the motion is granted, in limited part.

## BACKGROUND

Plaintiff EAST DRIVE HOUSING DEVELOPMENT CORPORATION is an affordable housing cooperative ("co-op"), and owner of the building located at 205-207 East 124th Street New York, New York ("building") (see NY St Elec Filing (NYSCEF) Doc. No. 002, Complaint).

In or around 2011, plaintiff and defendants entered into a Proprietary Lease Agreement ("lease") whereby defendants became tenants of Apartment 3C in the building (see id.). Several years later, defendants purchased Unit 3B, and combined Units 3B and 3C into one single unit (see id.). In or around 2018, defendants became "joint shareholders of 500 shares of [the co-

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,          Page 2 of 24
STEVEN M ET AL
Motion No. 014

2 of 24

[* 2]

op]" (id.). Moreover, Steven Lawrence was elected as Treasurer (see id.).

In or around 2021, an informal review of the financial position of plaintiff was conducted, and it was noted that there were "several significant deficiencies in fiscal management and a general lack of adherence to procedural financial requirements as mandated by the By-Laws" (id., at p 4). Thereafter, an in-depth review was conducted, and it was revealed that "there were numerous transactions on plaintiff's co-op [bank] account such as transfers of more than $20,000 to other checking accounts with no supporting documentation" (id.).

During a special meeting, Steven Lawrence, as Treasurer, "sought to provide an explanation for various expenses" and thereafter, on October 18, 2021, he resigned (id.). Plaintiff alleges that "a minimum amount of $633,161 was stolen from plaintiff by Steven Lawrence" (id., at p 5). However, plaintiff provided Steven Lawrence with various opportunities to "rectify the breach and defend himself", which Steven Lawrence chose not to avail himself of (see id., at p 16).

Due to a lack of cooperation from defendants over the course of several months as well as defendants' "objectionable conduct", the Board of Directors "formally served [defendants] a Notice of Termination of their lease" (id., at p 13). However,

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 3 of 24

defendants failed to vacate Unit 3BC and ignored the Notice of Termination (see id., at p 17).

Thereafter, plaintiff initiated this action on January 16, 2023 and asserted seven causes of action for, among other things, a declaratory judgment for termination of the lease for objectional conduct against defendants; unjust enrichment against defendants; breach of fiduciary duty against Steven Lawrence; and judgment against defendants to pay ongoing use and occupancy (see id.).

On January 18, 2023, plaintiff moved, by pre-answer Order to Show Cause (seq. no. 001), pursuant to Real Property Law § 220, for use and occupancy pendente lite. Shortly thereafter, plaintiff moved, by pre-answer notice of motion (seq. no. 002), pursuant to CPLR § 3215, for an entry of default judgment against defendants. By interim order, dated March 3, 2023, the court (N. Bannon, J.S.C.) adjourned both motions to March 22, 2023 for oral argument (see NYSCEF Doc. No. 35).

On March 11, 2023, Steven Lawrence answered and asserted twelve affirmative defenses (see NYSCEF Doc. No. 41, Steven Lawrence's Answer). Tiffany Lawrence did not answer.[2]

Following oral argument on motion sequences 001 and 002, the court (N. Bannon, J.S.C.) issued a decision and order

---

[2] On March 11, 2023, Anthony S. Chilliest, Esq. filed a Notice of Appearance on behalf of Steven Lawrence and Tiffany Lawrence. However, Tiffany Lawrence did not file an answer to plaintiff's complaint.

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,**          **Page 4 of 24**
**STEVEN M ET AL**
**Motion No. 014**

granting plaintiff's motion (seq. no. 001) for use and occupancy *pendente lite,* to the extent that Steven Lawrence was directed to pay plaintiff use and occupancy in the sum of $1,628.00 per month, commencing on April 1, 2023, and continuing on the first of each month thereafter until further order of the court (see NYSCEF Doc. No. 68, Decision and Order, dated March 22, 2023). Plaintiff withdrew, without prejudice, its motion (seq. no. 002) for leave to enter a default judgment (see id.).

On May 25, 2023, the court (N. Bannon, J.S.C.) scheduled a preliminary conference, whereby counsel for plaintiff and counsel for Steven Lawrence appeared. However, Tiffany Lawrence failed to appear, or otherwise notify the court as to her non-appearance (see NYSCEF Doc. No. 59, Preliminary Conference Order).

It follows that plaintiff again moved, by notice of motion (seq. no. 004), pursuant to CPLR § 3215, for leave to enter a default judgment, this time solely against Tiffany Lawrence. Tiffany Lawrence did not oppose the motion. However, the court (N. Bannon, J.S.C.) denied the motion, without prejudice to renewal, reasoning that plaintiff failed to submit sufficient proof of service of the summons and complaint, and proof of Tiffany Lawrence's default, as well as sufficient proof of the facts constituting the claims against her (see NYSCEF Doc. No. 71, Decision and Order, dated June 30, 2023).

Thereafter, plaintiff moved, by notice of motion (seq. no. 006), pursuant to CPLR § 3212, for partial summary judgment against Steven Lawrence seeking, among other things, a declaratory judgment that plaintiff's termination of the lease and cancellation of the shares were proper, such that Steven Lawrence's continued occupancy and possession of Unit 3BC was unlawful, as well as a warrant of ejectment (see NYSCEF Doc. No. 57, Notice of Motion). Steven Lawrence opposed the motion.

The court (N. Bannon, J.S.C.) denied the motion, reasoning that the majority of plaintiff's evidentiary submissions were not in admissible form, and the proof that was in admissible form was insufficient to establish the absence of a triable issue of fact (see NYSCEF Doc. No. 120, Decision and Order, September 6, 2023).

Thereafter, plaintiff filed three successive motions (seqs. 007, 008, 009) for a money judgment against defendants, a default judgment against Tiffany Lawrence, and an order for an upward modification of the use and occupancy chargeable to defendants. By interim order dated August 16, 2023, the court (N. Bannon, J.S.C.) scheduled each of the aforementioned motions for oral argument on August 30, 2023 (see NYCSEF Doc. No. 89, Interim Order, dated August 16, 2023). Further, in the same order, the court again directed Steven Lawrence to pay monthly

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,          Page 6 of 24
STEVEN M ET AL
Motion No. 014

[* 6]                                                                  6 of 24

use and occupancy, and directed the payments to be made to plaintiff's property management company (see id.).

Following oral argument on motion sequences 007, 008, and 009, the court (N. Bannon, J.S.C) issued a joint decision and order (see NYSCEF Doc. No. 116, Decision and Order, dated September 8, 2024). First, the court marked motion sequence 007 as withdrawn, finding that the relief requested was duplicative of the relief previously granted in the court's August 16, 2023 interim order, which directed Steven Lawrence to pay ongoing monthly use and occupancy (see id.). Next, the court denied, without prejudice, motion sequence 008 -- plaintiff's third motion for leave to enter a default judgment against Tiffany Lawrence -- and offered instructions as to how to properly effectuate service upon her. This included a directive that "Tiffany Lawrence shall be served with the summons and complaint . . . by overnight mail and regular mail upon her counsel, Anthony S. Chilliest, Esq . . . and such service shall be deemed good and sufficient service" (id.). Finally, motion sequence 009, which sought an upward modification of Steven Lawrence's monthly use and occupancy, was marked as withdrawn without prejudice.

On November 18, 2023, plaintiff moved for the fourth time, by notice of motion (seq. no. 010), for leave to enter a default judgment against Tiffany Lawrence. While that motion was

pending, plaintiff also filed a motion (seq. no. 011) for a money judgment, as well as a motion (seq. no. 012) to compel Steven Lawrence to respond to plaintiff's document requests and appear for deposition. Tiffany Lawrence did not oppose the motion for a default judgment, and Steven Lawrence did not oppose the motion for a money judgment or to compel.

Pending the motions, the court (N. Bannon, J.S.C.) held a conference in which counsel for plaintiff and Steven Lawrence were present. The court issued an order directing (1) plaintiff to serve an amended document request by February 5, 2024; and (2) Steven Lawrence to respond to plaintiff's amended document demands or submit a "Jackson Affidavit" detailing the search for documents by February 20, 2024 (see NYSCEF Doc. No. 155, Status Conference Order, dated January 18, 2024; Jackson v City of New York, 185 AD2d 768 [1st Dept 1992]).

On February 12, 2024, the court (N. Bannon, J.S.C.) issued a combined decision and order on motion sequences 010, 011, and 012. This time, the court granted plaintiff's application for a default judgment (seq. no. 010) against Tiffany Lawrence as to liability on the first (declaratory relief that the lease was properly terminated); fourth (injunctive relief enjoining an unauthorized sale of the apartment); and fifth (use and occupancy) causes of action (see NYSCEF Doc. No. 159, Decision and Order, dated February 13, 2024). However, the court held

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,          Page 8 of 24
STEVEN M ET AL
Motion No. 014

8 of 24

[* 8]

that, "in light of the relief sought against both defendants, including termination of a lease held by both defendants and continuing money damages, the relief to be granted shall await disposition of the action as against defendant Steven Lawrence" (id.).

In the same February 12, 2024 decision, the court denied plaintiff's motion (seq. no. 011) for a money judgment. While the court held that "in light of the court's August 16, 2023 order, plaintiff is clearly entitled to recover this sum and any further unpaid use and occupancy, with interest", the court denied the motion, without prejudice, to seek that sum and any further unpaid sums at trial or upon a dispositive motion.

Further, the same justice denied plaintiff's motion (seq. no. 012) to compel as "moot", reasoning that, since the motion was filed, Steven Lawrence appeared for his deposition and "provided some document discovery" (id.). Further, the court noted that the January 18, 2024 status conference order directed Steven Lawrence to comply with additional document discovery (id.). However, the court cautioned Steven Lawrence that "CPLR 3126 authorizes the court to sanction a party who refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed, and that a failure to comply with discovery, particularly after a court order has been issued, may constitute the dilatory and

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,**          **Page 9 of 24**
**STEVEN M ET AL**
**Motion No. 014**

9 of 24

[* 9]

obstructive, and thus contumacious, conduct warranting the striking of the pleading" (id., citing Kutner v Feiden, Dweck & Sladkus, 223 AD2d 448, 489 [1st Dept 1998]).

In accordance with the court's January 18, 2024 status conference order, plaintiff served its amended document demands upon Steven Lawrence on February 5, 2024 (see NYSCEF Doc. No. 156, Plaintiff's Amended Set of Document Requests).

Thereafter, plaintiff moved, by notice of motion (seq. no. 013), to reargue all three motions (seq. nos. 010, 011, 012). On March 29, 2024, the court (N. Bannon, J.S.C.) denied the motion in its entirety. Still, the court reiterated its earlier warnings to Steven Lawrence -- that his failure to comply with the court's discovery order of January 18, 2024 "may result in an order of preclusion or striking of the answer in its entirety" (NYSCEF Doc. No. 164, Decision and Order, dated March 29, 2024).

Steven Lawrence did not file a response to plaintiff's amended document request, nor did he submit a "Jackson affidavit", by February 20, 2024. To date, Steven Lawrence has not filed the same.

On May 31, 2024, plaintiff filed a blank note of issue (see NYSCEF Doc. No. 168). On that same date, plaintiff filed the instant motion (seq. no. 014). In said motion, plaintiff seeks a litany of relief, including, among other things, an order

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 10 of 24

10 of 24

striking defendant Steven Lawrence's answer for his failure to produce document discovery, a default judgment against defendants, monetary sanctions against defendants, and vacatur of note of issue.

The court grants the motion, in part, as limited below.

## ANALYSIS

### Tiffany Lawrence

At the outset, while plaintiff requests this court to render a default judgment against Tiffany Lawrence, the court (N. Bannon, J.S.C.) previously granted plaintiff's motion for a default judgment (seq. no. 010), without opposition, on the issue of liability (see NYSCEF Doc. No. 157, Decision and Order, dated February 21, 2024). The court found that, "having failed to answer, defendant Tiffany Lawrence is deemed to have admitted all factual allegations in the complaint and all reasonable inferences that flow from them" (id.). However, the same court deferred the "issue of money damages . . . to trial or on dispositive motion as against defendant Steven Lawrence," in light of the nature of the relief sought against both defendants (id.). Accordingly, plaintiff's motion for an "additional" default judgment against Tiffany Lawrence (NYSCEF Doc. No. 180,

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 11 of 24

11 of 24

Plaintiff's Motion Strike, at p 15) is denied as premature as to the issue of money damages, and duplicative as to the issue of liability.

Further, plaintiff seeks additional discovery sanctions against defaulting party Tiffany Lawrence, who has <u>never</u> participated in this action. Plaintiff's request is denied -- the court (N. Bannon, J.S.C.) previously rendered a default judgment against Tiffany Lawrence, and if Tiffany Lawrence wishes to participate in this action, then she must first move to vacate the default judgment (<u>see</u> <u>generally</u> CPLR § 5015[a]; <u>979 Second Ave. LLC v Chao</u>, 227 AD3d 436 [1st Dept 2024]). Therefore, plaintiff's request for discovery and/or monetary sanctions against Tiffany Lawrence is not appropriate at this time.

<u>Steven Lawrence</u>

*Discovery Sanctions*

CPLR § 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." The court may prohibit the disobeying party from supporting or opposing designated claims or defenses, from

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 12 of 24

[* 12]

12 of 24

producing evidence, or from using certain witnesses; resolve issues in favor of the moving party; strike pleadings; stay the proceeding until the order is obeyed; or render a judgment by default against the disobedient party (see generally CPLR § 3126). The imposition of CPLR § 3126 sanctions "is within the sound discretion of the court and courts are empowered to make such orders with regard to the refusal or failure as are just" (D'Alessandro v Kushner, 83 Misc.3d 1242[A] [Sup Ct, NY Cnty 2024] citing Gross v Edmer Sanitary Supply Co., 201 AD2d 390 [1st Dept 1994]; CDR Creances S.A.S. v Cohen, 104 AD3d 17, 26-27 [1st Dept 2012][providing that the court is "accorded wide latitude in determining appropriate sanctions for dilatory conduct"]).

The sanction of striking a pleading is a drastic remedy "justified only when the moving party shows conclusively that the failure to disclose was willful, contumacious, or in bad faith" (Roman v City of New York, 38 AD3d 442, 443 [1st Dept 2007]). A failure to comply with discovery, particularly after a court order has been issued, may constitute "the sort of dilatory and obstructive, and thus contumacious, conduct warranting the striking of its answer" (Pigott v J.C. Happy Garden Corp., 216 AD3d 413 [1st Dept 2023] citing Kutner v Feiden, Dweck, & Sladkus, 223 AD2d 488, 489 [1st Dept 1996]). A party's pleading may be stricken where the party repeatedly

fails to respond <u>adequately</u> to discovery demands or comply with court orders, and offers no adequate explanation for the failure to comply (<u>see</u> <u>Vlahos v 422 East 14th Street Assocs.</u>, 60 AD3d 402 [1st Dept 2009] [emphasis added]; <u>see also</u> <u>Pimental v City of New York</u>, 246 AD2d 467 [1st Dept 1998]).  Further, the "striking of a pleading is warranted where the conduct of the offending party 'frustrates the disclosure scheme provided by the CPLR'" (<u>CDR Creances S.A.S.</u>, 104 AD3d at 27), thereby delaying the discovery process (<u>see</u> <u>Helms v Gangemi</u>, 265 AD2d 203, 204 [1st Dept 1999]).

Upon a review of the instant motion,[3] the court finds that plaintiff has satisfied its burden that Steven Lawrence's failure to comply with both plaintiff's discovery demands <u>and</u> court-ordered discovery deadlines was willful and in bad faith.[4]

---

[3] Given plaintiff previously filed a motion to compel (seq. no. 012), which the court (N. Bannon, J.S.C.) held was "largely moot" by virtue of the court holding a status conference and issuing a resulting order directing Steven Lawrence to provide additional document discovery and Tiffany Lawrence to appear for a deposition, plaintiff was not obligated to move to compel a second time (<u>see</u> NYSCEF Doc. No. 157, Decision and Order, dated February 12, 2024; <u>A.E.C. Consulting & Expediting, Inc. v Vella</u>, 176 AD3d 496 [1st Dept 2019] [holding that plaintiffs were not obligated to move to compel a second time given the court's familiarity with the discovery dispute from plaintiff's prior motion to compel]). Steven Lawrence failed to produce the additional documents ordered by the court, and Tiffany Lawrence failed to appear for her deposition.  Therefore, it would have been futile, and a waste of judicial resources, for plaintiff to file a second motion to compel prior to the filing of the instant motion (<u>see</u> <u>ELRAC</u> <u>LLC v Feldman</u>, 67 Misc.3d 1215[A] [Sup Ct, NY Cnty 2020] [holding "there is no merit to defendant's argument that it would be premature to strike his answer here because plaintiff did not first to compel . . . plaintiff could readily have concluded that moving to compel would accomplish little beyond wasting time and resources, both its own and those of the court"]).
[4] Although plaintiff did not submit an affirmation of good faith in support of its motion as required by 22 NYCRR § 202.7(c), the record before this court establishes that plaintiff's counsel attempted, both in and out of court, to

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,**          **Page 14 of 24**
**STEVEN M ET AL**
**Motion No. 014**

14 of 24

[* 14]

First, it is evident that Steven Lawrence only complies with plaintiff's discovery demands when plaintiff expends its time and resources to seek judicial intervention -- despite plaintiff serving <u>five</u> deposition notices upon Steven Lawrence over the course of approximately 11 months, he did not appear for deposition until <u>after</u> plaintiff filed its motion (seq. no. 012) to compel (<u>see</u> NYSCEF Doc. Nos. 7, 66, 74, 125, 126, Notices of Deposition, dated January 12, 2023, June 2, 2023, June 20, 2023, September 29, 2023, and November 1, 2023). And, it was only after plaintiff filed the same motion to compel -- which was filed six months after plaintiff served its first set of document requests upon Steven Lawrence -- that Steven Lawrence provided "<u>some</u> document discovery" in response to such (NYSCEF Doc. No. 157, Decision and Order, dated February 12, 2024 [emphasis added]).

Even then, **Steven Lawrence's** level of cooperation with the discovery process is minimal. Plaintiff alleges, and Steven Lawrence does not dispute, that though Steven Lawrence appeared for his deposition, he refused to answer "almost any questions"

---

resolve the outstanding discovery issues (<u>see</u> NYSCEF Doc. No. 179, Affirmation in Support of Plaintiff's Motion, at 17-19). As such, "any further attempt to resolve the dispute non-judicially would have been futile", and plaintiff's failure to comply with 22 NYCRR § 202.7(c) is excused (<u>Loeb v Assara New York I L.P.</u>, 118 AD3d 457, 458 [1st Dept 2014] <u>citing</u> <u>Northern Leasing Sys., Inc. v Estate of Turner</u>, 82 AD3d 490, 490 [1st Dept 2011]; <u>Saravullo v Tillotson</u>, 132 AD3d 1399, 1400 [4th Dept 2015]).

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,**          **Page 15 of 24**
**STEVEN M ET AL**
**Motion No. 014**

[* 15]                                    15 of 24

(see NYSCEF Doc. No. 180, Plaintiff's Memorandum in Support of Motion 014). Further, the court (N. Bannon, J.S.C.), seemingly unsatisfied with the sufficiency of documents Steven Lawrence provided in response to plaintiff's document requests, set court-ordered discovery deadlines, and directed Steven Lawrence to respond to plaintiff's amended document requests by February 20, 2024, or produce a "Jackson affidavit" (see NYSCEF Doc. No. 155, Status Conference Order, dated January 18, 2024; see also Jackson v City of New York, 185 AD2d 768 [1st Dept 2022]). Steven Lawrence's lackadaisical approach to plaintiff's discovery demands and deposition notices demonstrates a "pattern of willful non-compliance" (Gutierrez v Bernard, 267 AD2d 65, 66 [1st Dept 1999]; see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454 [1st Dept 2010]).

In its February 12, 2024 decision and order, the court, ostensibly aware of Steven Lawrence's history of non-compliance with plaintiff's discovery demands, took the opportunity to warn Steven Lawrence of the potential consequences he faced for failing to comply with the court-ordered discovery deadlines (see NYSCEF Doc. No. 157, Decision and Order, dated February 12, 2024). Specifically, the court emphasized that it is authorized, pursuant to CPLR § 3126, to sanction a party who refuses to obey a court order for disclosure, and that his failure to comply may constitute the "dilatory and obstructive

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 16 of 24

16 of 24

[* 16]

conduct warranting the striking of the pleading" (NYSCEF Doc. No. 157, Decision and Order, dated February 12, 2024, citing Kutner, 223 AD2d at 489). The court again reiterated this warning in its March 29, 2024 decision on plaintiff's motion (seq. no. 013) to renew and reargue (see NYSCEF Doc. No. 164, Decision and Order, dated March 29, 2024 [holding that Steven Lawrence's failure to comply with the court's discovery order of January 18, 2024 "may result in an order of preclusion or striking of the answer in its entirety"]).

Unsurprisingly, Steven Lawrence did not heed the court's warnings and failed to comply with the court's January 18, 2024 order. Steven Lawrence did not respond to plaintiff's amended document request by February 20, 2024, nor did he produce a Jackson affidavit (see NYSCEF Doc. No. 156, Plaintiff's Amended Set of Document Requests, dated February 5, 2024; see also NYSCEF Doc. No. 179, Affirmation in Support of Plaintiff's Motion). In fact, Steven Lawrence has not e-filed a single document in this proceeding since August 29, 2023 (see NYSCEF Doc. No. 92, Defendant's Affirmation in Opposition to Plaintiff's Motion seeking a Money Judgment). Despite the court providing Steven Lawrence with ample opportunity to correct his shortcomings, he chose not to comply.

Therefore, the court finds that Steven Lawrence's failure to comply with the court's January 18, 2024 order, despite two

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,         Page 17 of 24
STEVEN M ET AL
Motion No. 014

[* 17]                                                    17 of 24

subsequent warnings of the potential consequences he faced, coupled with his utter disregard for plaintiff's discovery demands, is the very type of dilatory and obstructive conduct "sufficient to warrant the 'drastic' sanction of striking [his] answer" (see Asim v City of New York, 117 AD3d 655 [1st Dept 2014]). Steven Lawrence's approach has frustrated the disclosure scheme provided by the CPLR and significantly delayed the discovery process.

Having found that Steven Lawrence's conduct was dilatory and obstructive, the burden shifts to Steven Lawrence to establish a reasonable excuse for his failure to comply with the court's January 18, 2024 order (see Silverio v Arvelo, 103 AD3d 401 [1st Dept 2013]). Steven Lawrence has not established a reasonable excuse for his failure to adhere to the court-ordered discovery deadlines. Indeed, the motion is unopposed, and no excuse or explanation -- reasonable or otherwise -- has been set forth. Steven Lawrence has essentially ceased any substantive participation in the instant action.

The court is cognizant of the significance of striking Steven Lawrence's answer, and does not reach this decision lightly. However, the court is unwilling to reward Steven Lawrence for his repeated failures to participate in the discovery process. In consideration of the totality of the circumstances the court is presented with here, the court is

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,       Page 18 of 24
STEVEN M ET AL
Motion No. 014

[* 18]

18 of 24

justified in striking Steven Lawrence's answer pursuant to CPLR § 3126(3) (see Elias v City of New York, 87 AD3d 513 [1st Dept 2011] [holding that "the history of defendant's untimely, unresponsive and lax approach to complying with the court's previous orders warrants the striking of defendant's answer"]).

Though plaintiff requests the court to impose additional sanctions upon Steven Lawrence for Tiffany Lawrence's failure to appear for her April 2, 2024 deposition, the court is not prepared to do so. "A party cannot be compelled to produce a witness for deposition not within its control" (Placede v City of New York, 210 AD2d 18, 19 [1st Dept 1994]; Wheeler v New York City Transit Auth., 270 AD2d 104 [1st Dept 2000]). Plaintiff has submitted no evidence to demonstrate that Tiffany Lawrence is within Steven Lawrence's control. Accordingly, the court will not impose sanctions upon Steven Lawrence for Tiffany Lawrence's failure to appear for her April 2, 2024 deposition.

Accordingly, the court finds that the striking of Steven Lawrence's answer is "commensurate with the nature and extent of his disobedience" in failing to cooperate with the discovery process and the January 18, 2024 court order, (see Christian v City of New York, 269 AD2d 135 [1st Dept 2000]), and his answer is stricken in its entirety.

**161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL**
**Motion No. 014**

**Page 19 of 24**

[* 19]

19 of 24

*Additional Sanctions*

In addition to the discovery sanctions sought, plaintiff also seeks monetary sanctions pursuant to CPLR §§ 3126, 5104, and 5251 for Steven Lawrence's failure to comply with the court's (N. Bannon, J.S.C.) interim order dated August 16, 2023, which requires Steven Lawrence to pay ongoing use and occupancy of $1,628.00 monthly (see NYSCEF Doc. No. 89, Interim Order on Motion, dated August 16, 2023). However, without citing to any statutory authority or supporting case law, plaintiff requests "entry of a default judgment against Steven Lawrence for ignoring Judge Bannon's order to pay ongoing use and occupancy." Nonetheless, the court will address this request.

CPLR § 3126 is inapplicable to Steven Lawrence's failure to comply with the court's August 16, 2023 order to pay use and occupancy. CPLR § 3126 is a mechanism for seeking discovery sanctions only, and the court's August 16, 2023 order is not a discovery order.

CPLR § 5104 makes available the contempt penalty as an enforcement device for any "interlocutory or final judgment or order" that is not enforceable under Article 52 of the CPLR (enforcement of a money judgment) or CPLR § 5102 (enforcement of an award of possession of real property or chattel). Similarly, CPLR § 5251 provides that "refusal or willful neglect of any

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL**
**Motion No. 014**

**Page 20 of 24**

person to obey a subpoena or restraining notice issued, or order granted, pursuant to this title; false swearing upon an examination or in answering written questions; and willful defacing or removal of a posted notice of sale before the time fixed for sale, shall each by punishable as contempt of court" (emphasis added).

Though plaintiff does not request a finding of contempt against Steven Lawrence, if, in fact, plaintiff is seeking such, then the instant motion papers are procedurally deficient to seek such relief (see generally CPLR §§ 5104, 5251; see also Judiciary Law § 750-781). Additionally, though it appears that plaintiff may have misstated the sections of the CPLR it intended to rely upon, plaintiff's motion papers are devoid of any substantive arguments as to the court's authority to issue sanctions against Steven Lawrence pursuant to either CPLR §§ 5104 or 5251 for his failure to pay monthly use and occupancy.

Accordingly, the court declines to issue any sanctions against Steven Lawrence -- for a default judgment or otherwise -- pursuant CPLR §§ 3126, 5104, or 5251 for his failure to comply with the court's August 16, 2023 order.

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 21 of 24

21 of 24

*Monetary Sanctions*

Finally, the court addresses plaintiff's request for monetary sanctions pursuant to 22 NYCRR § 130-1.1 to the extent of awarding it attorneys' fees related to the filing of the instant motion.

The Rules of the Chief Administrator of the Courts, 22 NYCRR § 130-1.1(a), grants the court discretion to award costs for actual expenses that were reasonably incurred, as well as reasonable attorney's fees, for frivolous conduct. "Conduct is frivolous if it is completely without merit in law . . .; undertaken primarily to delay or prolong the resolution of litigation, or to harass or maliciously injure another; or asserts material factual statements that are false" (22 NYCRR § 130-1.1 [c]).

Here, the court declines to reach the merits of this request as it is substantively defective. Plaintiff fails to submit any itemized legal invoices reflecting the attorneys' fees charged, or an affirmation from counsel's law firm describing the nature of the attorneys' fees incurred, in what amounts, or for what period (see Frankel v 71st Street Lexington Corp., 221 AD3d 528 [1st Dept 2023]; Strauss v Strauss, 171 AD3d 596, 597-98 [1st Dept 2019]). Accordingly, the request for attorneys' fees pursuant to 22 NYCRR § 130-1.1 is denied.

161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 22 of 24

22 of 24

[* 22]

Vacate Note of Issue

Plaintiff moves to vacate note of issue pursuant to 22 NYCRR § 202.21(e). Pursuant to 22 NYCRR § 202.21(e), "within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial" (see Schroeder v IESI NY Corp., 24 AD3d 180 [1st Dept 2005]).

The note of issue filed by plaintiff is completely blank, and is not accompanied by a certificate of readiness as required by 22 NYCRR § 202.21(e) (see NYSCEF Doc. No. 168, Note of Issue dated May 31, 2024). Plaintiff filed the blank note of issue simultaneously with the instant motion (seq. no. 014) for sanctions. While the court appreciates plaintiff's attempt to adhere to the note of issue filing deadline (see NYSCEF Doc. No. 155, Status Conference Order), the filing of a blank note of issue without a certificate of readiness is a nullity.

In any event, plaintiff timely moves to vacate the note of issue, and because plaintiff has demonstrated a concerted effort to comply with the court's deadlines, with little to no cooperation from defendants, plaintiff's unopposed application to vacate the note of issue is granted.

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 23 of 24

[* 23]

23 of 24

Accordingly it is,

ORDERED that plaintiff EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION's motion (seq. no. 014) for sanctions is granted, in part, to the extent that defendant STEVEN M. LAWRENCES's answer is stricken in its entirety, and is otherwise denied; and it is further

ORDERD that plaintiff EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION's motion (seq. no. 014) to vacate note of issue is GRANTED; and it is further

ORDERED that parties shall file note of issue by February 10, 2025; and it is further

ORDERED that plaintiff EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION shall serve defendants with the decision and order with notice of entry within ten days of such entry; and it is further

ORDERED that the parties shall appear for a virtual status conference on January 8, 2025 at 11:00 A.M. in Part 42.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

11/15/2024
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL
Motion No. 014

Page 24 of 24

24 of 24